IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DOUGLAS E. MARTIN, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * CV No. 2:06 CV 514-VPM |
| | * |
| LIBERTY MUTUAL INSURANCE | * |
| COMPANY, a corporation, | * |
| | * |
| Defendant. | * |

## ANSWER

Comes now Defendant Liberty Mutual Fire Insurance Company (named in Plaintiff's Complaint as Liberty Mutual Insurance Company and Liberty Mutual Life Insurance Company) and for answer to Plaintiff's Complaint says as follows:

### PARTIES

(1)     Defendant accepts Plaintiff's averment that he is a resident and domiciliary of Lowndes County, Alabama;

(2)     Defendant admits the allegations contained in paragraph (2) of Plaintiff's Complaint;

### COUNT ONE
### BAD FAITH

(3)     Defendant realleges and incorporates herein its responses to (1) and (2) as if fully set out herein.

(4)     Defendant is without sufficient knowledge or information to either admit or deny the allegations of paragraph (4) of Plaintiff's Complaint.

1

(5) Defendant admits the allegations contained in paragraph (5) of Plaintiff's Complaint;

(6) Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph (6) of Plaintiff's Complaint;

(7) Defendant denies the allegations contained in paragraph (7) of the Complaint;

(8) Defendant admits to the allegation contained in paragraph (8) of Plaintiff's Complaint that it requested Plaintiff Martin to submit to an examination under oath on June 24, 2005, but denies that it did not have a legitimate reason;

(9) Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph (9) of Plaintiff's Complaint that Plaintiff went to a location specified for the examination. Defendant denies each other allegation contained in paragraph (9) and demands strict proof thereof;

(10) Defendant denies each and every allegation contained in paragraph (10) of Plaintiff's Complaint and demands strict proof thereof;

## COUNT TWO
## BREACH OF CONTRACT

(12) Defendant realleges and incorporates herein its responses to paragraph (1) through (10) of the Complaint as if fully set out herein;

(13) Defendant denies the allegations contained in paragraph (13) of Plaintiff's Complaint;

(14) Defendant denies the allegations contained in paragraph (14) of Plaintiff's Complaint and demands strict proof thereof;

**GENERAL DEFENSES**

(1) Defendant denies each and every material allegation not specifically admitted herein;

(2) Defendant denies that it is guilty of bad faith;

(3) Defendant pleads and claims the benefits of all provisions of the policy of insurance at issue;

(4) Defendant avers that it had good faith and arguable basis to deny Plaintiff's claim;

(5) Defendant denies that it breached the contract;

(6) Defendant denies that Plaintiff is entitled to compensatory damages for any of the allegations of his Complaint;

(7) Defendant denies that Plaintiff is entitled to punitive damages for any of the allegations of his Complaint.

(8) Defendant denies each and every material allegation of Plaintiff's Complaint not specifically admitted herein and demands strict proof thereof.

(9) Plaintiffs' claim for punitive damages is limited in amount by the application of Alabama Code Section 6-11-21..

(10) The Plaintiffs' demand for punitive damages violates the due process clause of the Fourteenth Amendment of the United States Constitution in that the claim for punitive damages is vague and not rationally related to any legitimate government interests.

(11) The Plaintiffs' demand for punitive damages violates the self-incrimination clause of the Fifth Amendment of the United States Constitution in that the damages claimed are

penal in nature while the Defendant is required to disclose documents and/or other evidence without the safeguard against self-incrimination set out in the Fifth Amendment.

(12) The Plaintiffs' demand for punitive damages violates the Fifth Amendment of the United States Constitution which prohibits deprivation of life, liberty or property except by due process of law in that the claim for punitive damages is vague and not rationally related to any legitimate government interests.

(13) The Plaintiffs' demand for punitive damages violates the rights guaranteed by the United States Constitution in that the claim for punitive damages is penal in nature for which the burden of proof on the Plaintiff is less than the "beyond a reasonable doubt" standard required in criminal cases.

(14) The Plaintiffs' demand for punitive damages is unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are vague and not rationally related to any legitimate government interests.

(15) The Plaintiffs' demand for punitive damages is unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are penal in nature, requiring a burden of proof on the Plaintiff which is less than the 'beyond a reasonable doubt' burden of proof required in criminal cases.

(16) The Plaintiffs' demand for punitive damages is unconstitutional under the Constitution of the State of Alabama in that it violates Article I, Section 6, by claiming punitive damages which are penal in nature while the Defendant is compelled to disclose documents and/or other evidence without a constitutional safeguard against self-incrimination.

/s/ Richard B. Garrett
Richard B. Garrett
Bar Number: (ASB-0782-A29R)

RUSHTON, STAKELY, JOHNSTON
& GARRETT, P.A.
Post Office box 270
Montgomery, Alabama 36101-0270
Telephone: 334/206-3100
Fax: 334/263-4157
E-mail: rbg@rsjg.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon:

Dwayne L. Brown, Esquire
P. O. Box 230205
Montgomery, Alabama 36123

by placing same in the United States mail, postage prepaid, this the 7th day of June, 2006.

/s/ Richard B. Garrett
Of Counsel